NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC NEUROSURGICAL SPECIALISTS, PA, on behalf of PATIENT DC,<br><br>        Plaintiff,<br>        Defendants.<br>  v.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD, HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, HOME DEPOT MEDICAL AND DENTAL PLAN, and THE ADMINISTRATIVE COMMITTEE OF THE HOME DEPOT U.S.A., INC. BENEFITS DEPARTMENT,<br><br>        Defendants. | Civil Action No.: 20-10415<br><br>OPINION |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court by motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint (ECF No. 1, "Compl.") of plaintiff Atlantic Neurosurgical Specialists, PA's ("Atlantic Neurosurgical" or "Plaintiff"), on behalf of Patient DC ("DC"), filed by defendants Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), Anthem Blue Cross and Blue Shield ("Anthem"), and Home Depot Medical and Dental Plan and The Administrative Committee of the Home Depot U.S.A., Inc. Benefits Department ("Home Depot") (collectively, "Defendants").  ECF No. 14 (Horizon motion); ECF No. 15 (Anthem and Home Depot motion). Plaintiff opposed Defendants' motions (ECF No. 18), and Defendants replied (ECF Nos. 21, 22). The Court has considered the submissions made in support of and in opposition to the motions and

decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendants' motions to dismiss.

## II. BACKGROUND

### a. Factual Background

This action arises out of Plaintiff's allegations that Home Depot, DC's employer and the sponsor of his ERISA self-funded employee health-care plan (the "Plan"), Anthem, the administrator of the Plan, and Horizon, the Plan's "host" for medical services provided in New Jersey,[1] under-reimbursed Plaintiff for emergency brain surgery that the Plaintiff's neurosurgeon performed on DC, a resident of Georgia, while DC was located in New Jersey.

Plaintiff alleges that on May 2, 2018, DC, while insured under the Plan, visited the emergency department of Morristown Medical Center ("MMC") in New Jersey with complaints of "progressive personality changes and neocognitive decline." Compl. at ¶ 6. Plaintiff alleges that MMC then performed imaging on DC's brain, which revealed "metastatic melanoma" and "a legion involving the parenchyma (the functional portion of the brain comprising neurons and glial cells whose loss results in cognitive decline) extending into the frontal lobe." *Id.* Later that day, Dr. Yaron A. Moshel, M.D., a neurosurgeon employed by Plaintiff, performed emergency brain microsurgery to remove a large cancerous legion in DC's frontal lobe and frontal bone. *Id.*

---

[1] Blue Cross Blue Shield maintains a national network of insurers, including Anthem and Horizon, that operate in different states. ECF No. 14-1 at 1. Anthem and Horizon issue health plans to insurees domiciled in Georgia and New Jersey, respectively. *Id.* Given that DC was domiciled in Georgia, Anthem was the Plan's insurer and administrator. *Id.* Horizon, on the other hand, neither acted as the Plan's insurer nor administrator, but, rather, as Blue Cross Blue Shield's "host" in New Jersey through which Plaintiff, a New Jersey medical provider, transmitted claims to Anthem for services provided to DC under the Plan. *Id.* at 12–16. Put differently, Horizon avers that it acted as a mere "conduit" for Anthem with respect to processing claims provided by New Jersey medical providers under the Plan, with no discretionary authority, let alone "control," over implementing the Plan. *Id.*

Following the surgery, Plaintiff submitted a reimbursement claim to Defendants for the total cost of the medical services provided to DC, $113,256.00. *Id.* at ¶ 7. Defendants, however, reimbursed Plaintiff only $7,618.73 leaving an unpaid amount of $105,637.27 for which DC was billed and remains personally liable. *Id.* at ¶ 26–27. Thereafter, Plaintiff submitted numerous appeals to Defendants requesting total reimbursement for DC's medical costs, which Defendants denied.[2] *Id.* at ¶¶ 36–38.

While Plaintiff constituted an "out-of-network" provider under the Plan, Plaintiff argues that DC's brain surgery constituted "emergency services," which, according to the Plan, is to be "covered at the in-network level."[3] *Id.* at ¶¶ 5, 29; ECF No. 15-4 (the Plan) at 46 ("[I]n a life-threatening emergency if you receive emergency room services from an out-of-network provider, your emergency room services will be covered at the in-network level.").[4] Nevertheless, Defendants note that even assuming DC's brain surgery constituted an "emergency" service within

---

[2] The parties agree that Plaintiff exhausted its administrative remedies under the Plan. ECF No. 14-1 at 10; ECF No. 15-5 at 10.

[3] Out-of-network means that a medical provider does not have a contract with an individual's insurer, often resulting in significant out-of-pocket costs for the individual. In-network, means that a medical provider's services are contractually covered under an individual's insurance plan.

[4] The Court properly considers the Plan's governing policies, which Anthem and Home Depot attached to their motion to dismiss (ECF No. 15-4), as Plaintiff's Complaint arises out of the Plan. *See Lees v. Munich Reinsurance Am., Inc.*, No. 14-2532, 2015 WL 1021299, at *4 n.1 (D.N.J. Mar. 9, 2015) (considering description of plan covered by ERISA in motion to dismiss claim arising out of the plan); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Additionally, Plaintiff's argument that Defendants failed to properly authenticate this document is misplaced as Defendants submitted the Declaration of Shade Oluwasanmi, a "Senior Legal Specialist" employed by Anthem, who provided a sworn statement of her personal knowledge that this document represents the Plan's governing policies. ECF No. 15-4; *Fed. R. Evid.* 901 (document may be authenticated by "testimony of a witness with knowledge" that the document "is what it is claimed to be").

the meaning of the Plan, Plaintiff has failed to cite to any provision within the Plan providing that its in-network policy fully covered DC's surgery. ECF No. 14-1 at 20–24; ECF No. 15-5 22–25.

### b. Procedural Background

Plaintiff filed the Complaint on August 13, 2020, bringing its ERISA claims against Defendants as a purported "assignee" of DC after DC allegedly executed an "assignment of benefits" in its favor, including the right to pursue any legal and administrative remedies under the Plan. Compl. at ¶¶ 39–40.

In Counts One, Two, and Five, Plaintiff asserts that Defendants wrongfully denied its reimbursement claim under the terms of the Plan concerning the costs associated with the medical services it provided to DC, in violation of ERISA § 502(a)(1)(B) (codified as 29 U.S.C. § 1132(a)(1)(B)). *Id.* at ¶¶ 54–64, 77–83. In Counts Three and Four, Plaintiff claims that Anthem and Home Depot violated their fiduciary duties under ERISA § 404(a)(1)(B) (codified as 29 U.S.C. § 1104(a)(1)(B)) by denying Plaintiff's reimbursement claim, and it seeks relief for such violations under ERISA § 502(a)(3) (codified as 29 U.S.C. 1132(a)(3)). *Id.* at ¶¶ 65–76.

### III.   LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions'

4

devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV. **DISCUSSION**

Defendants argue, among other things, that Plaintiff's claims warrant dismissal because Plaintiff lacks statutory standing under the Plan's "anti-assignment" clause.[5] Additionally, Horizon argues that Plaintiff's claim against it independently warrants dismissal because it is not a "proper party" under ERISA Section 502. For the reasons discussed below, the Court agrees with Defendants and dismisses Plaintiff's claims under Rule 12(b)(6).

First, Defendants argue the Plan's anti-assignment clause bars Plaintiff from bringing its claims. ECF No. 14-1 at 16–20; ECF No. 15-5 at 12–18. Plaintiff brings its claims under ERISA Sections 502(a)(1)(B) and 502(a)(3), which provide a private enforcement mechanism for participants, beneficiaries, and fiduciaries of ERISA governed health-care plans. The parties agree that healthcare providers, like Atlantic Neurosurgical, may also bring claims under ERISA Sections 502(a)(1)(B) and 502(a)(3) after being granted a valid assignment of rights with one of the aforementioned parties. *See, e.g.*, N. *Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 374 (3d Cir. 2015) ("[A]n assignment of . . . right[s] . . . is sufficient to confer [statutory] standing . . . under ERISA."). However, such an assignment of rights is not valid where the ERISA health-care plan contains an "anti-assignment" clause that forbids the assignment of such rights. *See, e.g.*, *Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 63 (3d Cir. 2019) ("[A]nti-assignment clauses

---

[5] Plaintiff also alleges that DC designated Plaintiff as his "Authorized Representative" ("DAR"), and that "ERISA allows a [DAR] to bring litigation on behalf of a Plan Participant or Beneficiary of an ERISA Plan." Compl. at ¶ 41 (relying on C.F.R. § 2560.503-1(b)(4), one of ERISA's implementing regulations). Plaintiff is mistaken, as 29 C.F.R. § 2560.503-1(b)(4) "applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals." *Cooperman v. Horizon Blue Cross Blue Shield of New Jersey*, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) (citations omitted).

in ERISA-governed health insurance plans are generally enforceable.") (citations omitted); see also Univ. Spine Ctr. v. Highmark, Inc., No. 17-13660, 2018 WL 3993457, at *5 (D.N.J. Aug. 21, 2018) (dismissing claims under Sections 502(a)(1)(B) and 502(a)(3) in light of valid a "clear and unambiguous . . . anti-assignment clause in the Plan Contract").

Here, DC purported to execute an assignment of benefits in favor of Plaintiff, including the right to pursue legal and administrative remedies under the Plan. Compl. at ¶ 38. The Plan, however, contains an anti-assignment clause, barring insurees of Anthem from assigning any benefits arising under the Plan to their out-of-network provider, including Atlantic Neurological. ECF No. 15-4 at 130 ("Anthem . . . members: You may not assign your benefits directly to your out-of-network provider."). Nevertheless, Plaintiff points to two other provisions within the Plan, one that purports to "perm[it] assignment of benefits," as well as one that references an insuree's potential ability to "assign[] benefits directly to [an out-of-network] provider," for the proposition that the Plan did not bar DC from assigning his benefits. ECF No. 18 at 11–12; ECF No. 15-4 at 130, 325. Plaintiff also argues that, in the alternative, conjunctively reading these three provisions creates a question of fact—regarding whether the Plan bars assignments of benefits—that cannot be resolved on a motion to dismiss. ECF No. 18 at 12–13.

Plaintiff's arguments lack merit. The Plan, which appertains to the insurance policies of all full-time U.S. based Home Depot associates, regardless of their insurer, includes various provisions that apply exclusively to policies administered by certain insurers, including Cigna, Imagine Health, and Kaiser Permanente, but not others, such as Blue Cross Blue Shield (Anthem). *See, e.g.*, ECF No. 15-4 at 41. Here, the Plan's anti-assignment clause expressly covers insurance policies administered by "Anthem." ECF No. 15-4 at 130. Thus, the only reasonable reading of the other two provisions that Plaintiff cites to—which do not reference insurance policies

administered by Anthem—is that they are inapplicable to DC's insurance policy. *Id.* In fact, the provision on which Plaintiff substantially relies, which purportedly "perm[its] assignment of benefits," expressly applies only to "self-insured plans," and, as noted above, Plaintiff's Plan is "self-funded." ECF No. 15-4 at 325.

Accordingly, as the Plan's anti-assignment clause "clear[ly] and unambiguous[ly]" bars DC from assigning any benefits under the Plan in favor of Plaintiff, Plaintiff lacks statutory standing under ERISA to bring the Complaint. *See Highmark*, 2018 WL 3993457, at *5 (finding a "clear and unambiguous" ERISA plan's anti-assignment clause enforceable as to claims against defendant); *see also Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *5 (D.N.J. Mar. 22, 2018) (barring claims against employer under ERISA plan's anti-assignment clause where the plan categorically provided that the beneficiary could not assign any rights under the plan).

Second, Horizon argues that Plaintiff's claim against it independently warrants dismissal because it is not a proper party under ERISA Section 502(a)(1)(B).[6] ECF No. 14-1 at 12–16. Pursuant to ERISA Section 502(d)(2) "[a]ny money judgment under [ERISA] against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." 29 U.S.C. § 1132(d). In construing Section 502(d), courts hold that only "the plan itself (or plan administrators in their official capacities only)" constitutes a proper defendant in a Section 502(a)(1)(B) action. *Graden v. Conexant Systems Inc*, 496 F.3d 291, 301 (3d Cir. 2007). The Third Circuit defines "plan administrators" in this context as those entities that "[e]xercis[e] control over the administration of benefits." *Evans v. Employee Benefit Plan,*

---

[6] As described above, Plaintiff only brings an ERISA Section 502(a)(1)(B) claim against Horizon.

*Camp Dresser & McKee, Inc.*, 311 F. App'x. 556, 558 (3d Cir. 2009). Further, an entity exercises control over the administration of benefits where they have "the discretion to interpret the terms of the policy and to determine [coverage] eligibility." *Tomczak v. Stripes, LLC*, No. 19-19524, 2021 WL 567967, at *4 (D.N.J. Feb. 12, 2021).

Here, Horizon explains that it was neither the Plan's insurer nor administrator, but, rather, acted as Blue Cross Blue Shield's "host" in New Jersey through which Plaintiff, a New Jersey medical provider, transmitted claims to Anthem for services provided to DC under the Plan. ECF No. 14-1 at 12–16. In other words, Horizon avers that it acted as a mere "conduit" for Anthem with respect to processing claims provided by New Jersey medical providers under the Plan, with no discretionary authority, let alone "control," over implementing the Plan. *Id.*

Other federal courts have similarly found that Blue Cross Blue Shield's "hosts" do not constitute proper defendants under Section 502(a)(1)(B). *See, e.g.*, *Estate of Kenyon v. L&M Healthcare Health Reimbursement Account* 404 F. Supp. 3d 627 (D. Conn. 2019)). In *Kenyon*, the plaintiff was insured by Anthem under a Connecticut-based ERISA plan when she required emergency medical services in Puerto Rico. *Id.* at 629–30. The plaintiff subsequently submitted reimbursement claims to Anthem through Triple S—Blue Cross Blue Shield's host in Puerto Rico—for the medical services she received. *Id.* at 630–33. Thereafter, Anthem denied the plaintiff's reimbursement request and the plaintiff brought an ERISA action against Anthem and Triple S for denying her benefits allegedly owed to her under the plan. *Id.* Triple S then moved to dismiss the plaintiff's claims arguing that it was not a proper party as the plan did not "vest[] [Triple S with] discretion" regarding the "benefits denial process." *Id.* (citations omitted). The Court ultimately agreed with Triple S's reasoning, finding that it was not a "proper defendant under § 502(a)(1)(B)." *Id.* at 634.

In opposition, Plaintiff does not contest any of the factual representations that Horizon makes regarding its role within the Plan's claims process. ECF No. 18 at 24–28. Nevertheless, Plaintiff continues to assert without any particularized allegations that Horizon "exercised discretionary authority or discretionary responsibility in the administration of the Plan." ECF No. 18 at 24; *see also* Compl. at ¶ 61. However, given that the Court will not accept "unsupported conclusory statements" at the pleading stage, *Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 431 F. Supp. 3d 518, 523 (D.N.J. 2019) (citations omitted), Plaintiff has failed to show that Horizon constitutes a "proper" party under Section 502(a)(1)(B).[7] *See Stripes,* 2021 WL 567967, at *5 (dismissing ERISA claim where the defendant-employer was not a "proper party" as it neither had "the ultimate power to decide disputed claims" under the plaintiff's insurance plan nor the "responsibility [of] administering benefits under the plan") (citations omitted); *Pro. Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981, at *6, 11 (D.N.J.

---

[7] Defendants also argue that Plaintiff has failed to adequately plead its claims on the merits. ECF No. 14 at 20–24; ECF No. 15 at 19–25. The Court need not address Defendants' argument, however, because, as discussed above, dismissal of the Complaint is warranted on other grounds. Nevertheless, the Court notes that the Complaint is devoid of certain allegations that would be critical to the viability of Plaintiff's claims. First, while Plaintiff claims that Defendants violated Section 502(a)(1)(B) by denying benefits owed to DC under the terms of the plan, Plaintiff has nonetheless failed to cite to any specific provision within the Plan's in-network policy that provides that DC's brain surgery was fully covered. *See Atl. Plastic & Hand Surgery, PA*, 2018 WL 1420496, at *5 ("[B]ecause the Complaint fails to identify any specific provision in the Plan from which the Court can infer that Plaintiffs were entitled to compensation . . . [for] medical services, the Court dismisses . . . Plaintiffs' § 502(a)(1)(B) claim."). Second, Plaintiff brings a Section 502(a)(3) claim against Anthem and Home Depot for a breach of their fiduciary duties, but Plaintiff's claim would likely fail as the alleged breach does not appear "based on an injury separate and distinct" from Plaintiff's denial of benefits claim under Section 502(a)(1)(B). *Advanced Orthopedics & Sports Med. Inst., on Behalf of SZ v. Blue Cross Blue Shield of Alabama*, No. 20-03545, 2021 WL 2177516, at *10 (D.N.J. May 28, 2021) (citations omitted); *see also Brogdon v. Sungard Data Sys., Inc.,* No. 04-4388, 2005 WL 1252270, at *5 (D.N.J. Apr. 18, 2005) ("[W]here an alleged breach of fiduciary duty relates to 'the interpretation of plan documents and the payment of claims,' ERISA Section 502(a)(1)(B) already provides a remedy 'that runs directly to the injured beneficiary' and a remedy under ERISA Section 502(a)(3) is thus inappropriate.") (quoting *Vanity Corp. v. Howe,* 516 U.S. 489, 512 (1996)).

9

July 15, 2015) ("There are no allegations in the Complaint that plausibly allow for an inference that [the defendant] had responsibility for, or controlled, the benefits determination as it relates to [the plaintiff's] claims . . . under [his] ERISA plan.") (citations omitted).

Accordingly, Plaintiff's ERISA claims fail and the Complaint warrants dismissal under Rule 12(b)(6).

### V.     CONCLUSION

For the reasons set forth above, Defendant's motions to dismiss (ECF Nos. 14, 15) are granted and Plaintiff's Complaint is dismissed without prejudice. An appropriate Order accompanies this Opinion.

**DATED**: September 10, 2021

    _____
    **CLAIRE C. CECCHI, U.S.D.J.**